## Commonwealth v. Hamme

*Lewis Markowitz*, Assistant District Attorney, for Commonwealth.

*Robert J. Wire, Jr.*, for defendant.

BUCKINGHAM, J., December 30, 1964.—Defendant operates a public recreation center in West Manchester Township, a second class township in York County, Pa. The center, inter alia, contains billiard tables which the public was admittedly permitted to use on Sundays. As a consequence, defendant was charged and convicted with a violation of the Act of June 24,

1939, P. L. 872, sec. 651, 18 PS §4651, as amended, which provides:

"Whoever, being a *licensed* keeper, proprietor, owner or superintendent of any public pool-rooms or billiard-room permits such place to remain open between the hours of one o'clock ante meridian and six o'clock ante meridian of any secular day, or on the first day of the week commonly called the Sabbath Day, or knowingly allows or permits any person under the age of eighteen (18) years to be present in any public pool-room or billiard-room, upon conviction thereof in a summary proceeding, shall be sentenced to pay a fine not exceeding ten dollars ($10), and, in default of the payment of such fine, and costs, shall be imprisoned not exceeding thirty (30) days." (Italics supplied.)

He has appealed his conviction to this court. Provision is made for licensing pool rooms and billiard rooms in cities of the third class: Act of June 23, 1931, P. L. 932, art. XXVI, sec. 2601, 53 PS §37601, as amended, and in first class townships: Act of June 24, 1931, P. L. 1206, art. XV, sec. 1502, cl. xxxl, 53 PS §56531, as amended. There are no similar provisions of townships of the second class, from which we conclude that the legislature, by distinguishing the former from the latter, intended that the provisions of the Act of 1939, supra, should not apply to pool or billiard rooms being operated in second class townships. The Act of 1939, being penal in nature, must be strictly construed: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 58, 46 PS §558(1). It seems to us that if establishments such as pool or billiard rooms are to be regulated in second class townships, it is a matter of action for the legislature, not for the courts. In view of the foregoing, the following order is entered:

And now, to wit, December 30, 1964, the appeal of defendant is hereby sustained and defendant is found not guilty and it is directed that any fine and costs he may have paid be returned to him, forthwith.